# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### October 24, 2006 Session

## KRISTI LYN (JACKSON) HOLLANDSWORTH v. JAMES JEFFREY JACKSON

**Direct Appeal from the Chancery Court for Dyer County**
**No. 03C236      R. Lee Moore, Jr., Judge**

---

**No. W2005-02091-COA-R3-CV - Filed November 21, 2006**

---

The trial court denied Father's petition to modify custody of the parties' child upon finding no material change of circumstances had occurred.  We affirm in part and remand.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in part; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

Thomas Ewell Weakley, Dyersburg, Tennessee, for the appellant, James Jeffrey Jackson.

Dean Powell Dedmon, Williams Lewis Jenkins, Jr., and Jason Ladon Hudson, for the appellee, Kristi Lyn (Jackson) Hollandsworth.

## MEMORANDUM OPINION[1]

Petitioner/Appellant James Jeffrey Jackson ("Father") and Respondent/Appellee Kristi Lyn (Jackson) Hollandsworth ("Mother") were married in January 2000 and their child, Alec Seth, was born in August 2000.  The parties were divorced on stipulated grounds by final decree entered in

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

March 2004. The trial court awarded the parties joint custody of Alec and named Mother primary residential parent. After granting Father a credit for two minor children from a previous marriage, the trial court set Father's child support obligation at $68.54 per week; ordered him to pay medical bills incurred by Mother and remaining unpaid as of February 20, 2004; and ordered Father to maintain full health insurance for Alec. The trial court ordered the parties to divide equally any uncovered medical bills or deductibles. A detailed parenting plan was entered establishing a residential/visitation schedule and setting forth the standard parenting orders.

The current focus of the on-going acrimony between these parties arises from Father's October 29, 2004, petition to modify child custody. In his petition, Father alleged a material change in circumstances had occurred and that change of custody from Mother to Father was in the child's best interest. Father alleged Mother had interfered with his telephone conversation with the child; had filed an unwarranted telephone harassment charge; had not maintained her own home; makes negative comments about and/or exposes the child to negative comments about Father; has made false claims about Father to DCS; and has engaged in a course of hostility against Father. In her response and counter-petition for contempt, Mother denied Father's allegations and alleged Father had failed to pay outstanding medical bills and one-half of uncovered medical expenses as ordered by the trial court in the March 2004 decree. She counter-petitioned for a judgment in the amount of $917.73 to reimburse her for medical expenses outstanding as of February 20, 2004. She further petitioned for a judgment of $417.50 to pay one-half of Alec's uncovered medical expenses.

Following a lengthy hearing on August 1, 2005, the trial court found that, although neither party was behaving in a manner consistent with the best interest of their child, no material change of circumstance had occurred warranting modification of custody. The trial court further ordered Father to pay medical bills in accordance with the March 2004 decree and as attached as trial exhibits, and ordered Father to comply with the provisions of the parenting plan with respect to medical expenses incurred on behalf of Alec. The trial court found no willful contempt on the part of either party, but "admonished" the parties to follow the terms and conditions of the parenting plan. The trial court entered its final order on August 21, 2004, and Father filed a timely notice of appeal to this Court. We affirm in part and remand.

### *Issues Presented*

Father presents the following issues, as slightly stated, for our review:

1.      Whether the trial court erred in failing to find that a material change of circumstances had occurred such that the trial court then should have proceeded to conduct a comparative fitness analysis, and, as a result thereof, change custody of the minor child from Mother to Father.

2.      Whether the trial court erred in failing to give Father credit for payment of outstanding medical/dental expenses in the amount of $711.80 against the

other outstanding medical/dental expenses which Father had been previously directed to pay in the final decree of divorce.

### *Standard of Review*

We review the trial court's findings of fact *de novo* with a presumption of correctness. Tenn. R. App. P. 13(d); *Berryhill v. Rhodes*, 21 S.W.3d 188, 190 (Tenn. 2000). We will not reverse the trial court's factual findings unless they are contrary to the preponderance of the evidence. *Id.* Our review of the trial court's conclusions on matters of law is *de novo* with no presumption of correctness. *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). Insofar as the trial court's determinations are based on its assessment of witness credibility, appellate courts will not reevaluate that assessment absent evidence of clear and convincing evidence to the contrary. *Jones v. Garrett*, 92 S.W.3d 835, 838 (Tenn. 2002).

A party petitioning for modification of a valid child custody order must demonstrate a material change of circumstances has occurred which makes a change in custody in the best interest of the child. *Cranston v. Combs*, 106 S.W.3d 641, 644 (Tenn. 2003). Thus, the court must utilize a two-part test in determining whether a change in custody is warranted. *Id.* First, it must determine whether a material change of circumstances has occurred that affects the children's well-being. *Id.* Second, if it finds a material change of circumstances, the court must utilize the factors enumerated in Tennessee Code Annotated § 36-6-106 to determine whether a change in custody is in the best interest of the child. *Id.*

### *Analysis*

Father's brief to this Court includes a twenty-one page Statement of Facts outlining how Mother interfered with his relationship with Alec in the seven months between the parties' divorce and the filing of Father's petition. In summation, Father asserts Mother's "ongoing actions towards alienating the father from Alec's life" constitute a material change in circumstance and that, because Father is the comparatively more fit parent, change in custody is in the child's best interest. He also asserts the trial court erred in overlooking payments of $711.80 and in failing to award him a credit in this amount against outstanding medical bills.

Upon review of the record in this case, we agree with the trial court that neither parent is acting in the best interest of Alec, that both Mother and Father have engaged in inappropriate behavior. This behavior includes taking pictures and videos at the "exchange of . . . [the] child;" making negative comments about the other; engaging in squabbles at events like Easter egg hunts and Halloween parties at daycare. In general, although the guardian ad litem found that both Mother and Father love and care for Alec, they have engaged in behavior more akin to that of spoiled children fighting over a favorite toy rather than as parents committed to ensuring a stable, loving up-bringing of their child. As the trial court noted, the parties' post-divorce conduct does not differ significantly from their conduct at the time of the divorce.

The trial court's order in this case includes a detailed summary of the evidence, a succinct and accurate statement of the law, and includes factual determinations largely based on matters of credibility. Upon review of the record, we agree with the trial court's determination that

> there is no change of circumstance involving either the parties' child or a parent's circumstance that would adversely affect Alec. The conduct of both parties has not changed since the entry of the custody order sought to be modified. The conduct of both parties could have been reasonably anticipated by both parties. There is no change of circumstance that would affect Alec's well-being in a material way. The [c]ourt, in fact, finds that there is no material change in circumstances. Petitioner's request for change in custody is a continuation of his disagreement with the [c]ourt's initial custody decision.

Father also asserts the trial court erred by failing to give him a credit against medical bills which Mother claimed were outstanding as of February 2004 for payments totaling $711.80. He further asserts that the balance owed on a hospital account is $643 and not $917 as alleged by Mother. Father submits the trial court made no adjudication whatsoever as to the proper amount owed or to whether Father was entitled to a credit.

In its August 2005 order, the trial court ordered Father

> to pay immediately any and all outstanding medical bills incurred by respondent . . . that remained unpaid as of February 20, 2004 (Dyersburg Regional Center, Independent Radiology and Family Care) as were attached as Exhibits A, B and C to the Final Decree of Divorce filed in this case on March 10, 2004. . . . Mr. Jackson is also ordered to comply with the provisions of the original and Final Decree of Divorce in connection with payment of medical bills of the parties' child.

Although the trial court adjudicated the matter by ordering Father to pay outstanding medical balances and to comply with the 2004 decree, we agree that the court's order is indeterminate with respect to the amount currently outstanding and as to whether Father is due a credit for amounts paid as evidenced by receipts in the record. We accordingly remand this matter to the trial court for determination of a definite amount of Father's obligation for medical expenses and for a determination of whether Father is entitled to a credit against medical expenses for amounts paid.

We finally join the trial court in admonishing Mother and Father to comply with the parenting plan in letter and in spirit, and in noting that willful violations of the court's orders may result in either sanctions or a finding of contempt. It is clear that Alec is caught in the cross-fire of Mother and Father's on-going and escalating hostility toward each other. Clearly, this is not in Alec's best interest. We urge the parties to reconsider their course of conduct before it negatively impacts their child, which it almost certainly will.

### *Holding*

We affirm the trial court's judgment denying Father's petition to modify custody. We remand this matter for determination of the amount of Father's outstanding obligation for medical expenses in light of amounts paid. Costs of this appeal are taxed one-half to the Appellee, Kristi Lyn (Jackson) Hollandsworth, and one-half to the Appellant, James Jeffrey Jackson, and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE